IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Charles Newman Vandross, | ) | Case No. 8:21-cv-00029-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Perry Correctional institution, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's Motion for Temporary Restraining Order ("TRO"). ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On January 8, 2021, the Magistrate Judge issued a Report recommending that the Motion for TRO be denied without prejudice ("the First Report"). The same day, the Magistrate Judge issued an order directing Plaintiff to bring his case into proper form by completing a standard complaint form, providing necessary service documents, and either paying the filing fee or filing a motion to proceed in forma pauperis. ECF No. 5. Also on January 8, 2021, the Court received a supplement to the Motion for TRO from Plaintiff. ECF No. 8. On January 28, 2021, Plaintiff filed a document docketed as objections to the Report. ECF No. 9.

On February 5, 2021, the Magistrate Judge issued a second Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute and comply with an order of this Court ("the Second Report"). ECF No. 12. On February 19, 2021, Plaintiff filed a document docketed as objections to the Report. ECF No. 14.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In his objections to the First Report, Plaintiff takes issue with certain factual recitations by the Magistrate Judge. ECF No. 9 at 1. Plaintiff states that he "must regrettably withdraw, as all administrative remedies have not been exhausted." *Id.* In Plaintiff's objections to the Second Report, Plaintiff "thanks the Court for the line changes

made pursuant to his initial Objection To R & R, but objects to the Magistrate's decision not to also acknowledge in her footnote on Page 1 . . . that Plaintiff respectfully requested to 'withdraw' his Motion for TRO." ECF No. 14. Accordingly, it appears that Plaintiff's objections as to the Magistrate Judge's factual recitations are moot and that Plaintiff intends to withdraw his Motion for TRO.

Out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, the First Report, and the applicable law. Upon such review, the Court finds that Plaintiff has requested to withdraw his Motion for TRO; accordingly, the Report recommending that it be denied is moot.[1]

As stated above, in the Second Report, the Magistrate Judge recommends dismissal of Plaintiff's action pursuant to Rule 41 for failure to prosecute and failure to comply with an Order of the Court. Upon review of his objections, it appears to the Court that Plaintiff intends to continue to exhaust his administrative remedies and consents to the closing of this case without prejudice. While the Court understands Plaintiff's position and his concerns that the Second Report states that he has failed to comply with an Order of the Court, the Court finds that it is appropriate to adopt the recommendation of the Magistrate Judge that this case be dismissed pursuant to Rule 41. The dismissal is without prejudice.

---

[1] Alternatively, the Court agrees with the recommendation of the Magistrate Judge that Plaintiff has not demonstrated a likelihood of success on the merits and, therefore, has not demonstrated that he is entitled to injunctive relief. ECF No. 6 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In his objections, Plaintiff requests that his future filings not be reviewed in the Anderson/Greenwood division because he is concerned about a potential conflict of interest or other prejudice. To the extent this can be construed as a request for recusal of the undersigned, this request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455.[2] Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). Plaintiff has not alleged any other basis or supporting facts beyond a general concern that the citizens of the Anderson/Greenwood division may be biased against him. His request, therefore, is insufficient as a matter of law to establish any basis for the undersigned to recuse himself.

## CONCLUSION

Accordingly, upon de novo review of the record, the First and Second Reports, and the applicable law, the Court finds that Plaintiff has voluntarily withdrawn his Motion for TRO. Accordingly, the Motion [1] is **FOUND as MOOT** and the First Report [6] is **FOUND as MOOT**. The Court agrees with the recommendation of the Magistrate Judge with respect to the Second Report [12]. Accordingly, this action is **DISMISSED** without prejudice and without issuance of service of process.

---

[2] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 26, 2021
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.